

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7ᵗʰ floor*          *973-645-2700*
*Newark, New Jersey 07102*

MLG/RAS/PL AGR
2 )24R:\\454

October 6, 2025

Anthony Pope, Esq.
Anthony Pope Law, PC
Military Park Building
60 Park Place, Suite 1101
Newark, New Jersey 07102

> Re:    Plea Agreement with Jan Daeninck

Dear Mr. Pope:

This letter sets forth the plea agreement between your client, Jan Daeninck ("DAENINCK"), and the United States Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on **October 27, 2025,** if it is not accepted in writing by that date. If DAENINCK does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

### Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from DAENINCK to an Information, which charges DAENINCK with, on or about March 31, 2024, while on an aircraft in the special jurisdiction of the United States, committing an assault by beating, wounding, or striking a flight attendant, in violation of 18 U.S.C. § 113(a)(4), and 49 U.S.C. § 46506. If DAENINCK enters a guilty plea and is sentenced on this charge, and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against DAENINCK for, on or about March 31, 2024, while in the special aircraft jurisdiction in the United States, assaulting a flight attendant ("Victim-1"), or for engaging in sexual contact with another person ("Victim-2"), without Victim-2's permission.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against DAENINCK even if the applicable statute of limitations period for those charges expires after DAENINCK signs this agreement, and DAENINCK agrees not to assert that any such charges are time-barred.

## Sentencing

The violation of 18 U.S.C. § 113(a)(4) to which DAENINCK agrees to plead guilty in the Information carries a statutory maximum prison sentence of one year, and a maximum fine of $100,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon DAENINCK is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence DAENINCK ultimately will receive.

Further, in addition to imposing any other penalty on DAENINCK, the sentencing judge as part of the sentence:

(1)    will order DAENINCK to pay an assessment of $25 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)    must order DAENINCK to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; and

(3)    pursuant to 18 U.S.C. § 3583, may require DAENINCK to serve a term of supervised release of no more than one year, which term of supervision will begin at the expiration of any term of imprisonment imposed. Should DAENINCK be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, DAENINCK may be sentenced to not more one year of imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution

Pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3663(a)(3), DAENINCK agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of that offense, including at least:

-2-

| Victim | Amount |
|--------|--------|
| Airline | $32,322.75 |

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on DAENINCK by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of DAENINCK's activities and relevant conduct with respect to this case.

## Stipulations

This Office and DAENINCK will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and DAENINCK waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

DAENINCK understands that, if DAENINCK is not a citizen of the United States, DAENINCK's guilty plea to the charged offense will likely result in DAENINCK being subject to immigration proceedings and removed from the United States by making DAENINCK deportable, excludable, or inadmissible, or ending DAENINCK's naturalization. DAENINCK understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. DAENINCK wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause DAENINCK's removal from the United States. DAENINCK understands that DAENINCK is bound by this guilty plea regardless of any immigration consequences. Accordingly, DAENINCK waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. DAENINCK also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against DAENINCK. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude DAENINCK from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between DAENINCK and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

TODD BLANCHE
U.S. Deputy Attorney General

PHILIP LAMPARELLO
Senior Counsel

/s/ *Rebecca A. Sussman*

By:   Rebecca A. Sussman
Assistant U.S. Attorney

APPROVED:

Kelly Lyons
Acting Chief, Narcotics and International Trafficking Unit

I have received this letter from my attorney, Anthony Pope, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


Date: November 10th 2025

Jan Daeninck


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Date: 11/11/25

Anthony Pope, Esq.
Counsel for Defendant

- 6 -

Plea Agreement with Jan Daeninck

Schedule A

1. This Office and Jan Daeninck ("DAENINCK") agree to stipulate to the following facts:

    a. On or about March 31, 2024, on an aircraft in the special jurisdiction of the United States, namely traveling outbound from Newark Liberty International Airport, DAENINCK assaulted a flight attendant ("Victim-1"), specifically by punching and striking Victim-1 numerous times.

    b. DAENINCK acknowledges, as relevant conduct pursuant to U.S.S.G. §§ 1B1.2(c) and 1B1.3, that on or about March 31, 2024, he knowingly engaged in sexual contact, as defined in 18 U.S.C. § 2246(3), with another person ("Victim-2"), without Victim-2's permission, by grabbing Victim-2's breasts.

    c. DAENINCK acknowledges, as relevant conduct pursuant to U.S.S.G. §§ 1B1.2(c) and 1B1.3, that as a result of the conduct described in Paragraphs 1(a) and (b) above, the Airline turned the flight around and landed back at Newark Liberty International Airport.

    d. This Office and DAENINCK agree to stipulate that DAENINCK's victims (including the Airline, Victim-1, and Victim-2) sustained losses as a result of the offense charged in the Information, in the amount of at least $32,322.75.

2. Notwithstanding the facts stipulated to above, the parties agree to recommend at sentencing that a sentence within the range of 0 to 12 months' imprisonment (the "Stipulated Range") is appropriate in this case. The parties agree that a term of imprisonment within the Stipulated Range is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a). Each party agrees not to advocate to any term of imprisonment outside the Stipulated Range. The parties recognize, however, that the Stipulated Range will not bind the District Court. Further, DAENINCK understands that he will have no right to withdraw his guilty plea if the Court does not follow the parties' recommendation.

3. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

4. If the District Court imposes a term of imprisonment within the Stipulated Range:

- 7 -

a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of probation, any fine, any restitution, any forfeiture, and the special assessment.

b. DAENINCK will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion for early termination of probation under 18 U.S.C. § 3564(c), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

c. These waiver provisions do not apply, however, to:

    i. any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for DAENINCK's offense of conviction; or

    ii. any proceeding to revoke the term of probation.

    iii. a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    iv. an appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

5. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.